UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA K. MILLER,

        Plaintiff,                         Case Number 12-10911
                                                    Honorable David M. Lawson
v.                                              Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY, JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S COMPLAINT**

The plaintiff filed the present action on February 29, 2012 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate R. Steven Whalen pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case to the Commission. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Whalen filed a report on February 22, 2013 recommending that the plaintiff's motion for summary judgment be denied and the defendant's motion for summary judgment be granted. The plaintiff requested an extension of time to file objections to the report and recommendation, which the Court granted. The plaintiff filed objections to the recommendation on March 15, 2013. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now fifty-six years old, filed her application for disability insurance benefits on May 6, 2010 when she was fifty-three. The administrative law judge (ALJ) found that the plaintiff had acquired sufficient quarters of coverage to qualify for insured status through September 30, 2008. At the administrative hearing, the plaintiff amended her disability onset date

to July 1, 2008. Consequently, her task was to establish disability during the relatively narrow three-month window ending September 30, 2008.

The plaintiff graduated high school and was previously employed at a grocery store and a gas station as a cashier. Prior to her employment as a cashier, the plaintiff had owned her own daycare business for about two years and worked as a cashier at a market for two and a half years. She was terminated from her job at the market because she had to have surgery and could not give her employer a precise date for her return from surgery.

The plaintiff last worked briefly in May 2009; before that, the plaintiff had not worked since 2005. As mentioned, the plaintiff now alleges that her disability commenced on July 1, 2008 and the ALJ found that the plaintiff had not worked between July 1, 2008 and September 30, 2008, the date last insured. The plaintiff has been diagnosed with sleep apnea, restless leg syndrome, depression, and degenerative disk disease. The plaintiff takes Clonazepam, Atenolol, Fenofibrate, Cyclobenzaprine, Neurontin, Sertraline, and Trazodone.

The plaintiff's application for disability insurance benefits was denied initially. She made a timely request for an administrative hearing. On May 17, 2011, the plaintiff appeared before ALJ Jessica Inouye when she was fifty-four years old. ALJ Inouye filed a decision on May 31, 2011 in which she found that the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ found that the plaintiff last met the insured status requirements of the Social Security Act on September 30, 2008 and had not engaged in substantial gainful activity between July 1, 2008 and September 30, 2008 (step one); the plaintiff suffered from sleep apnea, depression, restless leg syndrome, and degenerative disc disease, impairments which were "severe" within the meaning of

the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform her previous work as a daycare provider or a cashier, which exceeded her current functional capacity (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work. However, the ALJ found that the plaintiff had the following limitations: she required work that was simple and unskilled; could only push, pull, and perform fine manipulation with her left upper extremity occasionally; was restricted to jobs that would not expose her to unprotected heights, dangerous machinery, or vibrations; was restricted to a relatively clean work environment; should not be required to perform more than simple reading as part of the job; should not be required to constantly turn her head; and needed ready access to bathroom facilities. A vocational expert testified that the plaintiff would be able to perform light, unskilled work, including representative occupations such as machine tender, counter clerk, and line attendant, which exist in a significant number in the national economy. Based on these findings and using Medical Vocational Rule 202.14 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on November 8, 2011. The Appeals Council set aside that decision to consider additional information, and again denied the plaintiff's request for review on February 3, 2012.

The plaintiff's objections repeat the arguments she made in her opening brief, which the magistrate judge addressed in detail. They will be discussed in turn.

### A. Objection One

The plaintiff objects to the magistrate judge's finding that the ALJ adequately accounted for the plaintiff's obesity by referencing the plaintiff's sleep apnea. The plaintiff agrees that sleep apnea can be an effect of obesity, but argues that the ALJ ignored other effects of obesity, including respiratory and musculoskeletal impairments. The plaintiff argues that the ALJ should not be credited with considering obesity simply because the ALJ discussed another impairment that can be related to obesity. The plaintiff disagrees with the magistrate judge's determination that the plaintiff's medical records did not provide support for the plaintiff's contention that obesity affected her respiratory or musculoskeletal systems.

The Court believes that the magistrate judge properly determined this issue. It is true that although the Secretary no longer includes obesity as a listed impairment, Social Security Ruling 02-1p "remind[s] adjudicators to consider its effects when evaluating disability." SSR 02–1p, 2000 WL 628049, at *1 (S.S.A.). However, the Sixth Circuit has affirmed a non-disability finding involving an obese claimant, even where the ALJ does not mention the condition by name, when the ALJ sufficiently accounts for the limiting effects of that condition by relying on physicians who did account for the claimant's obesity. *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010). Moreover, the Sixth Circuit has dismissed the idea that "Social Security Ruling 02–1p offers any particular procedural mode of analysis for obese disability claimants." *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006).

The magistrate judge observed that the treating records for the relevant period did not provide any support for the plaintiff's argument that obesity impaired her respiratory or musculoskeletal systems to the point that the plaintiff's limitations were greater than reflected in the

ALJ's residual functional capacity (RFC) assessment. The Court must agree. Labels are helpful when describing a claimant's limitations, but they are not controlling. It must be remembered that residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). It is meant "to describe the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from — though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240 (6th Cir. 2002).

### B. Objection Two

The plaintiff objects that the magistrate judge has misconstrued cursory summaries of evidence for analysis and explanation as to why such evidence demonstrates the residual functional capacity as determined by the ALJ. Once again, the Court must disagree.

The magistrate judge correctly concluded that substantial evidence supports the ALJ's RFC assessment. "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The ALJ properly assessed the evidence in the record and concluded that the plaintiff could perform light work, within the meaning of 20 C.F.R. § 404.1567(b) (which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"). The ALJ properly explained why she discounted the *post hoc* opinion of Dr. Jeffrey Holmes to the contrary. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (noting that treating physicians' opinions "are only given . . . deference when supported by objective medical evidence" (citing *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 477 (6th Cir. 2003)). The

magistrate judge summarized other instances in which the record supports the ALJ's determination of RFC, which the Court adopts. *See* R&R at 16-18.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #22] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #25] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #15] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #20] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 27, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2013.

s/Deborah R. Tofil  
DEBORAH R. TOFIL

---